[No. 3971.]

## KRIER v. MAYOR AND TRUSTEES OF THE TOWN OF WALSENBURG.

1. MUNICIPAL CORPORATIONS—*Ordinances—Validity.* A charter power to regulate and license legitimate and useful occupations does not include the power of prohibition. (153)

An ordinance prescribing the conditions under which theaters and moving picture shows shall be licensed and conducted, which assumes to make the granting of the license discretionary in the authorities of the town, is void. (153)

2. MANDAMUS—*Character of the Writ.* Mandamus, with us, is no longer a prerogative writ, but an ordinary civil action. The pleadings are controlled by the same rules which control other actions. The same measure of certainty and no other is required, and the statute of amendments applies to this as to other actions. (154)

3. —— *Parties.* Petition for mandamus requiring the town clerk to issue a license to the petitioner. It is not required that the mayor and trustees of the town be joined. (152)

4. PLEADING—*Averment on Information and Belief.* A petition for mandamus joined the mayor and trustees as defendants, under an averment that "plaintiff is informed and believes," that the officers named "claim the right to direct the said clerk," is incompetent for any purpose and should be stricken out on motion. (152)

*Error to Huerfano District Court.* HON. HENRY HUNTER, Judge.

MR. CHARLES S. THOMAS, MR. M. W. PURCELL, MR. FOSTER CLINE for plaintiffs in error.

MR. C. L. HENDERSHOTT, Town Attorney, and MESSRS. NORTHCUTT & McHENDRIE for defendants in error.

CUNNINGHAM, P. J.

Krier, the plaintiff in error, filed his petition for a peremptory writ of mandamus, giving notice to respondents. The purpose of the petitioner was to require Mazzone, the City Clerk, one of the defendants in error, to issue to Krier a license to run a moving picture show in the town of Walsenburg. The petition sets up in full an ordinance of the town passed for the purpose of regulating the operation of picture shows. At great length, and with much particularity, the ordinance provides the mechanical conditions under which the business of moving picture shows may be operated in Walsenburg, and gives power to the chief of the fire department to examine such shows or theaters in order to see that the provisions of the ordinance are properly observed. Section 4 of the ordinance reads as follows:

"Any person or company who shall in any manner engage in the business of conducting a moving picture show or theater in the town of Walsenburg shall be required to pay a yearly license of $100. Said license to be obtained from and issued by the town clerk and recorder."

According to the averments of Krier's petition, on the 30th day of September, 1911, he appeared before the Town Clerk and paid to him the sum of $100, as and for his license fee, and requested the clerk to issue a license to him, permitting him to operate a picture show. This the clerk neglected and refused to do, notwithstanding Krier, according to the allegations of his petition, has been at all times ready to operate a picture show, strictly in accordance with the conditions of the ordinance. In the 4th paragraph of the petition, plaintiff in error alleges:

"That by virtue of said ordinance, [which had been previously set forth *in haec verba* in the petition] the respondent, C. Victor Mazzone, the Town Clerk of the town of Walsenburg, was on the last mentioned date, the proper and only officer of the town of Walsenburg who was clothed with the right and duty to issue licenses for operating the business commonly known as a moving picture show."

The respondents, other than Mazzone, were made such by the petitioner, evidently because they were members of the city council, for in the petition it is averred:

"That the petitioner is informed and believes, and therefore alleges the fact to be that the other respondents named, as Mayor and the Board of Trustees of the town of Walsenburg, do claim the right to direct the said Town Clerk to issue or refuse to issue a license in accordance with the terms of said ordinance."

We shall presently consider the allegation above quoted. All of the respondents joined in a common demurrer to the petition, which the court sustained, on argument, and dismissed the petition at the cost of petitioner, from which judgment the case is here on writ of error for review.

There were various grounds set forth in the demurrer, but the court sustained the same, apparently, upon the theory that the petition did not state facts sufficient to constitute a cause for the relief sought by the petitioner, and upon the further theory that "the granting or issuing of said license, or any license, is discretionary to these respondents, and can not be compelled by mandamus."

In the view we take of this case, it was not necessary to join the Mayor and members of the City Council. Indeed, the averment in the petition by which they were made parties being upon information and belief, and even in this manner averring no issuable fact, but simply stating that "the plaintiff was informed and believed that these officers claimed the right to direct the said town clerk," was not competent for any purpose, and had a motion been made to strike the same from

the petition, it ought to, and doubtless would, have been granted. We can not agree, however, with the contention of counsel for respondents that by reason of this immaterial allegation, and because it was made upon information and belief, the whole petition was so fatally defective as to warrant the judgment of dismissal rendered by the trial court.

Having fully complied with the ordinance regulating the issue of a license for a business not inherently dangerous to the peace and good order of the city, petitioner was *prima facie* entitled to receive the same. If there exists valid reasons for withholding from petitioner the right to engage in the business for which he seeks a license, no hardship can result to respondents by requiring them to disclose the same.

"The power delegated to a municipality to regulate and license a legitimate and useful occupation does not include the power to prohibit absolutely."—25 *Cyc.* 603.

Had the ordinance attempted to make the granting or issuing of a license, under the circumstances of this case, (as it did not) entirely discretionary to these respondents, it would have been void, under the ruling in *Phillips v. Denver,* 19 Colo. 179, 183, 34 Pac. 902, 41 Am. St. 230; *Curran Co. v. Denver,* 47 Colo. 221, 107 Pac. 261, 27 L. R. A. (N. S.) 544.

The argument made on behalf of respondents touching the defects in the petition proceeds largely upon the erroneous theory that the pleadings in a mandamus proceeding are highly technical, and that the writ of mandamus is a prerogative writ. Such was the rule at common law, and this rule perhaps is still adhered to in some of the code states, but not in our own.

"At common law mandamus was a prerogative writ, and it is still a prerogative writ in some states. In other states it has now lost its prerogative character and does not issue by virtue of any prerogative power, but is nothing more than an ordinary action at law, in cases where it is the appropriate remedy."—13 Enc. Pl. & Pr. 492.

"An applicant for mandamus must plead his facts with the same certainty, neither more nor less, than is required in ordinary actions at law."—26 *Cyc.* 429, 430.

"The writ can not be quashed for any matter involving the merits, nor because of a formal defect capable of amendment."—Id. 463-4.

"The general statutes on amendments are applied to mandamus proceedings as to other civil remedies or actions between the parties. * * * And defects which might have been cured if objection had been made in apt time will be taken to have been cured by amendment."—Id. 468-493.

"The provisions of our law in relation to mandamus in the *nisi prius* courts are found in a chapter of the civil code, and there is no reason why the liberal rules of procedure and amendments governing other civil actions instituted thereunder are not applicable to a proceeding in mandamus."— *Denver School Dist. v. Arapahoe School Dist.* 33 Colo. 43, 78 Pac. 690.

"A mandamus is no longer regarded as a prerogative writ. Its form, tenor and purpose, and perhaps it may therefore be said many of its objects, are totally different from those which obtained when the writ was first devised. This position could be easily sustained by a reference to the authorities."—*People v. Rio Grande County,* 7 Colo. App. 229, 42 Pac. 1032.

"There is no necessity for greater accuracy in the statement of the petitioner's claim [in a mandamus proceeding] than would suffice as a statement of his cause of action in an ordinary pleading. In other words, a petition for mandamus is to be construed in the same way and subject to the general rules applied in the construction of an ordinary complaint. The certainty to a certain intent in every particular is no longer a prerequisite. Substantial accuracy is all that is necessary."—*People v. Rio Grande County, supra.*

Other contentions raised and debated in the briefs, and which have received our consideration, do not appear of sufficient importance to warrant discussion.

The judgment of the trial court is reversed, and the cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed and Remanded.*